IN THE COURT OF CRIMINAL APPEALS


OF TEXAS 






NO. WR-68,606-01






EX PARTE PEDRO RAMOS MUNOZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-29,323 IN THE 358
TH DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to
five years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that he is actually innocent based on a recantation from
the complainant. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 Applicant appears to be represented by counsel. If the trial court elects to hold a hearing and
Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If he
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact and conclusions of law as to whether Applicant's
claim was litigated in a motion for new trial proceeding. See Ex parte Brown, 205 S.W.3d 538, 546 (Tex.
Crim. App. 2006) ("[H]abeas relief is not available to one who has already litigated his claim at trial, in
post-trial motions, or on direct appeal"). If Applicant's claim was not litigated, the trial court shall determine
whether the complainant's recantation is credible and whether Applicant has established that he is actually
innocent. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 7, 2007

Do not publish